OPINION.

ARUNDELL: Through the mail-order department of its business the taxpayer sold certain trade-marked articles. In 1918 it was unable to place orders for such goods, due to certain restrictions placed on the manufacturers by the War Industries Board. It is not apparent from any evidence presented to us that the regulations of the War Industries Board specifically prohibited the manufacture of the articles marked in the manner desired by the taxpayer. It merely experienced one of the many difficulties which confronted business due to the war emergency. We can but regard this condition as temporary. The taxpayer was not prevented from selling such trade-marked goods as it had on hand and, in fact, it did continue to trade in them during the years in controversy.

A temporary condition which may have prevented the taxpayer from securing merchandise in its business can not offer a basis for permitting a deduction for obsolescence or loss of useful value of its trade-marks or trade names. The fact that the company is now using them serves to emphasize the fact that the claimed deduction should not be allowed.

---

APPEAL OF THE RAINBOW ROYALTY CO.

Docket No. 3619. Submitted November 2, 1925. Decided November 18, 1925.

*W. B. Washington*, *C. P. A.*, for the taxpayer.
*Arthur J. Seaton*, *Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of a deficiency of $2,427.04 in income and profits taxes for 1919. Originally the taxpayer appealed from the disallowance by the Commissioner of a deduction for depletion, but this was abandoned at the hearing. The sole question remaining is as to the value of property paid in for stock or shares at the time of incorporation. The taxpayer claims that its profits tax should be computed under section 301 upon the basis of an invested capital of $100,000, instead of under section 302 as computed by the Commissioner.

FINDINGS OF FACT.

The taxpayer was incorporated some time about 1917. For $100,000 par value of its capital stock issued at the time of its incorporation it received fractional interests in three oil properties. These fractional interests had been purchased by several individuals before the organization of the taxpayer, at a price of $50,000. This

purchase had been made within 60 days prior to the transfer to the corporation. The value of the property paid in for stock was $50,000.

DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be made on 15 days' notice, under Rule 50.

---

APPEALS OF R. D. HENRY, FRANK A. TARR, AND OTTO HAAS.

Docket Nos. 3545, 3543, 3542.   Submitted October 15, 1925.   Decided November 18, 1925.

Distributive shares of members of partnerships determined from the evidence.

*Maynard Teall, Esq.*, for the taxpayers.
*A. J. Seaton* and *A. Calder Mackay, Esqs.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income tax for the calendar year 1920 in the following amounts:

|  | 1920 | 1919, over-assessment. |
|---|---|---|
| R. D. Henry | $34,730.82 | $248.45 |
| Frank A. Tarr | 997.86 | |
| Otto Haas | 6,256.30 | |

The deficiencies arise from additions to taxpayers' income of profits alleged to have been received by them from certain partnerships.

FINDINGS OF FACT.

Taxpayers are residents and citizens of Dawson, Pa. During the calendar year 1920, R. D. Henry and Otto Haas each owned a one-fourth interest in a partnership known as the Judy Mine Coal Co. and a one-fourth interest in a partnership known as the Steuben Pike Coal Co. Henry and Tarr each owned a one-third interest in a partnership known as the Youghiogheny Coal & Coke Co.

At the hearing it was stipulated that the net income of the Judy Mine Coal Co. for the year 1920 was either $18,697.82 or $20,060.32, the difference in dispute being an item of $1,362.50 claimed by the taxpayers to have been paid as commission by the Judy Mine Coal Co., but by the Commissioner to have been a withdrawal of capital by Henry; that the net income of the Steuben Pike Coal Co. for the